IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**GREGORY O'NEIL HENDERSON,**

    **Plaintiff,**

vs.                                                      Case No. 4:06cv499-SPM/WCS

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 10.  Plaintiff seeks monetary damages for having been kept in prison from April 9, 2004, to November 9, 2004.  Doc. 10, pp. 8-8c.

The amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A and is still insufficient.  As best can be determined from Plaintiff's allegations, after Plaintiff had already begun serving a lengthy sentence imposed from his conviction in three Miami-Dade County cases, the Department of Corrections belatedly discovered another conviction from Broward County (case 96-1978).  Doc. 10.  Plaintiff alleges that the

Broward County conviction occurred first.[1]  *Id.*  In the Broward case, Plaintiff was sentenced to five years incarceration, less 175 days county jail credit.  *Id.*  When the Department became aware of this sentence in December of 2003, his sentence was restructured resulting in the Department's establishing a total 35 year period of incarceration.  *Id.*  The Department's restructuring meant that the convictions from Miami-Dade County (for which Plaintiff was serving a 30 year sentence) would run "consecutive" to the Broward county conviction.  *Id.*, at 7.E.  Plaintiff states that prison officials informed him that because the sentencing orders were "silent" as to how the Broward and Miami-Dade County cases were to run, they would run consecutively.[2]  *Id.*  Thus, Plaintiff complains that by virtue of the discovery of the Broward County case and the subsequent change in calculating his sentences, he was incarcerated beyond his release date.

Plaintiff asserts that prison officials illegally structured his sentences and changed "them from concurrent to consecutive without a court sentencing order."  Doc. 10, p. 7.B.  Plaintiff claims that officials were mistaken in their belief that if the sentencing orders were silent, the sentences were to run concurrent and not consecutive.  *Id.*, at 7.E.

Plaintiff contends that on October 28, 2004, he filed a motion for clarification with the state court as to how the sentences were to run.  *Id.*, at 7.H. Plaintiff reports that

---

[1] Indeed, the Department of Corrections' website indicates he was sentenced on the Broward County conviction on September 19, 1996, and sentenced on the three Miami-Dade County convictions on February 14, 1997.  *See* www.dc.state.fl.us.

[2] Plaintiff states that "according to § 927.16(a), they are to run consecutive." Doc. 10, p. 7.E.  There is no chapter 927, although chapter 921 concerns sentencing.

Case No. 4:06cv499-SPM/WCS

the motion was granted on November 3, 2004, and the order allegedly stated "that all 4 cases Broward and Miami-Dade County cases are to run concurrent with each other." *Id.*  Plaintiff claims that the order, which he received on November 8, 2004, coincides with the sentencing transcript.  *Id.*, at 7.I.  Upon review of this order on November 9th, prison officials at Plaintiff's institution faxed the order to officials at Central Office and "[s]everal hours later on November 9, 2004,[3] Plaintiff Gregory O'Neil Henderson, was 'Emergency Released' from Avon Park Correctional Institution upon Conditional Release Supervision."  *Id.*  Plaintiff claims that he was, accordingly, falsely imprisoned between April 9, 2004,[4] through November 9, 2004."  *Id.*  Plaintiff claims he was subjected to cruel and unusual punishment by the Defendants' deliberate indifference to his plight.  *Id.*, at 7.K.  Plaintiff seeks compensatory and punitive damages from the Defendants.  *Id.*, at 8.C.

Plaintiff has incorporated into his complaint the relevant portion of the transcript when he was sentenced on the three Miami-Dade County cases on February 14, 1997.  *Id.*, at 7.G.  The prosecutor specifically asked the court if the sentence was consecutive to Plaintiff's case from Broward County.  *Id.*  According to Plaintiff, the judge stated, "No, I didn't make it consecutive."  The prosecutor then asked if the court was making it concurrent, to which the judge replied, "I just sentenced him.  I think it is just an

---

[3] The Department's website shows Plaintiff was released from custody on November 9, 2004.  It is unknown when Plaintiff was returned to custody, but Plaintiff is currently incarcerated at the Okeechobee Correctional Institution and has a tentative release date of December 7, 2019.

[4] Plaintiff alleged that he had an "up coming release date of April 9, 2004."  Doc. 10, p. 7.  He contends he had been in a pre-release class in the months prior to that date.

operation of law, however it is."  *Id.*  Plaintiff's argument, thus, is that the sentencing court was not trying to give Plaintiff consecutive sentences and prison officials wrongfully decided that Plaintiff must serve his sentences consecutively.  *Id.*

**Analysis**

When a prisoner's sentence has expired, he is entitled to release.  Whirl v. Kern, 407 F.2d 781, 791 (5th Cir.)(stating, "[t]here is no privilege in a jailer to keep a prisoner in jail beyond the period of his lawful sentence.") (citations omitted), *cert. denied* 396 U.S. 901 (1969); Cannon v. Macon County, 1 F.3d 1558, 1562-63 (11th Cir. 1993), *modified* 15 F.3d 1022 (11th Cir. 1994) (finding '[t]he constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release" a well recognized § 1983 claim), *citing* Sivard v. Pulaski County, 959 F.2d 662 (7th Cir. 1992) and Sanders v. English, 950 F.2d 1152 (5th Cir. 1992); Lee v. Dugger, 902 F.2d 822, 824, n.3 (11th Cir. 1990) (Tjoflat, J., concurring)(noting the plaintiff "may well have a state tort claim for false imprisonment" where he alleged he was kept in prison past the expiration of his sentence); Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980) (stating "[d]etention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process.").  *See also* Palmer v. Dugger, 833 F.2d 253, 256-57 (11th Cir. 1987) (addressing an equal protection claim and noting that the state "'may not then subject a certain class of convicted defendants to a period of imprisonment beyond the statutory maximum solely by reason of their indigence" and quoting Williams v. Illinois, 399 U.S. 235, 241-42, 90 S. Ct. 2018, 2022-23, 26 L. Ed. 2d 586 (1970)).  However, a

defendant must have acted with a culpable state of mind to impose § 1983 liability. Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir. 1993).

Plaintiff has failed to state a claim upon which relief may be granted.  As related in Plaintiff's version of these events, the sentencing court stated it's unwillingness to specify one way or the other as to whether the Miami-Dade County cases would be concurrent or consecutive to the Broward County case.  The sentencing court expected the sentences to run by "operation of law."

Florida law directs how sentences are to be served when the sentencing court is silent as to its intent.  Pursuant to FLA. STAT. § 921.16(1), when a defendant is convicted of two or more offenses charged in the same or consolidated indictments, the defendant "shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively."  The statute further states that "[s]entences of imprisonment for offenses *not charged in the same indictment*, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently."  FLA. STAT. § 921.16(1) (emphasis added).  Plaintiff's two cases and the resulting convictions are separate and could not be in the same indictment because the convictions are out of separate counties. Accordingly, because the sentencing court *did not* originally direct that Plaintiff's Miami-Dade County cases be served concurrently with the sentences from the Broward county cases, prison officials were correct in calculating Plaintiff's prison time based on his serving consecutive sentences pursuant to § 921.16(a).  Therefore, until the court granted Plaintiff's motion for clarification in November, 2004, and *at that time* clearly stated an intent for Plaintiff to serve the sentences concurrently, prison officials were in

compliance with the law and were not deliberately indifferent to Plaintiff's claims. Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 22, 2006.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**