IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY O'NEIL HENDERSON,

    Plaintiff,

vs.                                        CASE NO. 4:06cv499-SPM/WCS

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the Magistrate Judge's report and recommendation (doc. 14) dated December 22, 2006. Plaintiff was furnished a copy and he has filed an objection (doc. 15). Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation should be adopted.

Plaintiff alleges that his civil rights were violated when the Department of Corrections failed to determine on its own that all of his sentences should run concurrently, causing him to be imprisoned beyond the expiration of his sentences. As explained in the Report and Recommendation, the Department of Corrections did not err in its initial determination that his sentence in Broward

County case number 96-1978 was consecutive to his other sentences. Under operation of law, sentences for offenses charged in separate indictments or informations are to be served consecutively, unless the court directs that they be served concurrently. § 921.16(1), Fla. Stat. When the court imposed sentence in Broward County case number 96-1978, it did not direct that the sentence be served concurrently.

Eventually Plaintiff filed a motion to correct his sentence under Fla. R. Crim. P. 3.800, and the sentencing court directed that all of Plaintiff's sentences were concurrent. When the Department of Corrections received the order, Plaintiff was released.

Plaintiff's contention that the Department of Corrections should have corrected the problem on its own is without merit. The Department of Corrections lacks the authority to correct a sentence. Slay v. Singletary, 676 So.2d 456, 457 (Fla. 1st DCA 1996). Accordingly, it is

ORDERED AND ADJUDGED:

1. The report and recommendation (doc.14) is adopted and incorporated by reference in this order.

2. Plaintiff's amended complaint (doc.10) is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted,

3. The clerk of court shall note on the docket that this case was

CASE NO. 4:06cv499-SPM/WCS

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DONE AND ORDERED this 12th day of January, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO. 4:06cv499-SPM/WCS